**2023-1818**

# United States Court of Appeals for the Federal Circuit

LARRY GOLDEN,

*Plaintiff-Appellant,*

— v. —

QUALCOMM INCORPORATED,

*Defendant-Appellee.*

*On Appeal from the United States District Court for the Northern District of California in No. 4:22-cv-03283-HSG, Honorable Haywood S. Gilliam, Jr., Judge*

## BRIEF FOR DEFENDANT-APPELLEE

JOHN A. YATES
KYRIE CAMERON
PATTERSON & SHERIDAN LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(713) 623-4844
jyates@pattersonsheridan.com
kcameron@pattersonsheridan.com

*Counsel for Defendant-Appellee*

JUNE 16, 2023

COUNSEL PRESS, LLC                                    (888) 277-3259

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2023-1818

**Short Case Caption** Golden v. Qualcomm Incorporated

**Filing Party/Entity** Qualcomm Incorporated

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 06/16/2023       Signature: /s/ John A. Yates

Name: John A. Yates

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑None/Not Applicable |
| Qualcomm Incorporated | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable            ☐    Additional pages attached

| | | |
|---|---|---|
| Joseph John Stevens | B. Todd Patterson | |
| | | |
| | | |

**5. Related Cases.**        Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)        ☐  No    ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable            ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# <u>TABLE OF CONTENTS</u>

**CERTIFICATE OF INTEREST** ........................................................ ii

**TABLE OF AUTHORITIES** ........................................................ vi

**STATEMENT OF RELATED CASES** ...........................................1

**INTRODUCTION** .......................................................................1

**JURISDICTIONAL STATEMENT** .............................................4

**STATEMENT OF THE ISSUES** ..................................................4

**STATEMENT OF THE CASE** ......................................................5

   I.    BACKGROUND ...................................................................5

   II.   MR. GOLDEN'S PRIOR PLEADINGS...............................6

   III.  DISTRICT COURT PROCEEDINGS....................................7

      A.   Pleadings .........................................................................7

      B.   Dismissal .........................................................................8

      C.   Mr. Golden's Other Pleadings........................................9

**SUMMARY OF THE ARGUMENT** .............................................11

**ARGUMENT** ..............................................................................12

   I.    STANDARD OF REVIEW ..................................................12

      A.   Standing...........................................................................12

      B.   Motion to Dismiss ..........................................................13

   II.   THE DISTRICT COURT PROPERLY DISMISSED ALL OF
MR. GOLDEN'S CLAIMS ...................................................14

      A.   Mr. Golden Failed to Plausibly Plead an Antitrust Claim ......................14

      B.   Mr. Golden Failed to Plausibly Plead Patent Infringement ....................18

      C.   Mr. Golden Failed to Plausibly Plead Unjust Enrichment......................26

   III.  THE DISTRICT COURT PROPERLY CONLCUDED AMENDMENTS
WOULD BE FUTILE ..........................................................26

**CONCLUSION AND STATEMENT OF RELIEF SOUGHT** ..........................29

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Allen v. City of Beverly Hills,*
    911 F.2d 367 (9th Cir. 1990) .......................................................................27

*Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.,*
    190 F.3d 1051 (9th Cir. 1999) ...............................................................12, 13

*Ascon Props., Inc. v. Mobil Oil Co.,*
    866 F.2d 1149 (9th Cir. 1989) .................................................................28

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).................................................13, 17, 19, 20

*Associated Gen. Contractors of Cal., Inc. v.*
    *Cal. State Council of Carpenters,*
    459 U.S. 519 (1983)...................................................................12

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................13, 19, 20

*Bot M8 LLC v. Sony Corp. of Am.,*
    4 F.4th 1342 (Fed. Cir. 2021) ......................................... 13-14, 25

*Cal. Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.,*
    818 F.2d 1466 (9th Cir. 1987) .................................................27

*Deepsouth Packing Co. v. Laitram Corp.,*
    406 U.S. 518 (1972).................................................................24

*Eminence Capital, LLC v. Aspeon, Inc.,*
    316 F.3d 1048 (9th Cir. 2003) .................................................26

*Erickson v. Pardus,*
    551 U.S. 89 (2007)...................................................................13

*Foman v. Davis,*
    371 U.S. 178 (1962)..................................................................27

*FTC v. Qualcomm Inc.,*
    411 F. Supp. 3d 658 (N.D. Cal. 2019)................................2, 10, 18

*FTC v. Qualcomm Inc.,*
    969 F.3d 974 (9th Cir. 2020) .........................................7, 9, 10, 16

*Golden v. Apple Inc.*,
    2022 U.S. App. LEXIS 25174.......................................................22

*Golden v. Apple Inc.*,
    819 F. App'x (Fed. Cir. 2020) ..................................................6

*Golden v. Apple Inc.*,
    No. 2023-1161, 2023 WL 3400595 (Fed. Cir. May 12, 2023) .....6, 12, 27, 28

*Golden v. Apple Inc.*,
    No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022) .............................7

*Golden v. Apple Inc.*,
    No. 6:19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020)..............6

*Golden v. Apple, Inc., et al.*,
    No. 22-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022)......... 2-3, 7, 22, 23

*Golden v. Apple*,
    No. 20-cv-04353-JD-KFM, 2021 WL 5074739, *aff'd as to this
    holding*, No. 22-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) ............20

*Golden v. Google, LLC*,
    No. 6:21-cv-00244-JD-KFM, 2023 WL 3007187
    (D.S.C. April 19, 2023) .............................................................3, 22

*Golden v. Intel*,
    2022 WL 17735388 ................................................. 18-19, 24, 26

*Golden v. Intel. Corp.*,
    No. 2023-1257, 2023 WL 3262948 (Fed. Cir. May 5, 2023) ..................6, 12

*Golden v. Samsung*,
    No. 3:23-cv-00048-WHO, 2023 WL 3919466 (N.D. Cal.
    June 8, 2023)................................................................21

*Golden v. United States*,
    156 Fed. Cl. 623 (2021), *aff'd* No. 2022-1196, 2022 WL 4103287
    (Fed. Cir. 2022), *reh'g denied* (Fed. Cir. 2022) .......................................6, 21

*Golden v. United States*,
    955 F.3d 981 (Fed. Cir. 2020) .......................................................7

*Juniper Networks, Inc. v. Shipley*,
    643 F.3d 1346 (Fed. Cir. 2011) ..................................................27

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
    714 F.3d 1277 (Fed. Cir. 2013) ....................................................13

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017) ....................................................25

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)..............................................................12, 17

*McBride v. Boughton*,
    123 Cal. App. 4th 379 (2004) ......................................................26

*Nalco Co. v. Chem-Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018) ....................................................14

*Neitzke v. Williams*,
    490 U.S. 319 (1989)....................................................................13

*PersonalWeb Techs. LLC v. Google LLC*,
    8 F.4th 1310 (Fed. Cir. 2021), *cert. denied*, 142 S. Ct. 1445 (2022) ............23

*Travel Sentry, Inc. v. Tropp*,
    877 F.3d 1370 (Fed. Cir. 2017) ....................................................19

*Typhoon Touch Techs., Inc. v. Dell, Inc.*,
    659 F.3d 1376 (Fed. Cir. 2011) ....................................................22

*United States ex rel. Lee v. Corinthian Colls.*,
    655 F.3d 984 (9th Cir. 2011) ........................................................27

*Whitaker v. Tesla Motors, Inc.*,
    985 F.3d 1173 (9th Cir. 2021) ......................................................13

**Statutes & Other Authorities:**

U.S. Const., Article III .......................................................................12

15 U.S.C. § 1 ..............................................................................4, 14

15 U.S.C. § 2 ..............................................................................4, 14

15 U.S.C. § 15 ...................................................................................4

15 U.S.C. § 15(b) ..............................................................................14

15 U.S.C. § 26 ....................................................................................5

28 U.S.C. § 1295(a)(1) ...................................................................... 4

28 U.S.C. § 1331 ............................................................................... 4

28 U.S.C. § 1400(b) .......................................................................... 4

28 U.S.C. § 1498(a) ........................................................................... 6

35 U.S.C. § 286 ............................................................................... 14

Fed. R. Civ. P. 12(b)(1) ..................................................................... 8

Fed. R. Civ. P. 12(b)(6) ......................................................... 8, 13, 23

Federal Circuit Rule 47.5 .................................................................. 1

**STATEMENT OF RELATED CASES**

Pursuant to Federal Circuit Rule 47.5, Qualcomm Incorporated ("Qualcomm") states that the following appeal from the same proceeding below was previously before this or any other appellate court; however, the appeal has since been terminated as it was opened in error: *Larry Golden v. Qualcomm, Inc.*, Ninth Circuit Court of Appeals, Docket #: 23-15560.

**INTRODUCTION**

Over the last decade, Larry Golden ("Mr. Golden") has filed several cases in different courts raising disjointed, unsubstantiated "claims" alleging the United States Government, cell phone manufactures, and telecommunications companies, including Qualcomm, have made a concerted effort to infringe his patents. All but one of Mr. Golden's cases have been dismissed as frivolous. In fact, all of Mr. Golden's claims against Qualcomm have been dismissed as frivolous. The district court rightly concluded "the claims in this case are equally as frivolous as [Mr. Golden's] many allegations against Qualcomm that preceded them."

Here, Mr. Golden brought a complaint against Qualcomm, purportedly alleging claims for antitrust law violations, patent infringement, and unjust enrichment, and seeking damages in the tens of billions of dollars—based on the same facts he has unsuccessfully alleged at least three times before. Once again, Mr. Golden's incoherent claims failed to give Qualcomm notice of any patent

infringement. Qualcomm moved to dismiss the complaint, contending that Mr. Golden's claims are frivolous, Mr. Golden's claims are barred by issue preclusion and the statute of limitations, Mr. Golden lacks standing to bring his time-barred antitrust claims, and Mr. Golden failed to state a claim. After the district court granted Qualcomm's motion without leave to amend and denied Mr. Golden's request for reconsideration, Mr. Golden brought this appeal. Mr. Golden argued that the district court applied incorrect law in deciding the motion, ignored relevant case law, and should have granted him leave to amend. Mr. Golden's contentions are without merit.

The district court applied the correct law in determining whether Mr. Golden had set out a cause of action and if he had standing to bring an antitrust claim. The district court also correctly concluded that leave to amend would be futile since Mr. Golden has repeatedly shown that he is not capable of pleading his sprawling and repetitive claims against Qualcomm in a manner that satisfies the basic requirements of federal pleading—especially since his claims rely heavily on the district court's reversed findings in *FTC v. Qualcomm*, and no amendment could cure Mr. Golden's lack of antitrust standing. Given the facts and allegations presented here, any attempt at amendment would be futile.

Furthermore, Mr. Golden's contention that the district court should have relied on this Court's decision in *Golden v. Apple, Inc., et al.*, 2022 WL 4103285

(Fed. Cir. Sept. 8, 2022) is misplaced. There, this Court vacated the dismissal of Mr. Golden's complaint against Google[1] prior to the issuance of the summons because the charts did not have the "exact same language" as the prior charts dismissed by this Court. This Court made clear that it expressed "no opinion as to the adequacy of the complaint or the claim chart" and that Google itself was not precluded from filing a motion to dismiss. *Id.* at *6. Mr. Golden's Google complaint included a claim chart mapping features of an accused Google product, the Google Pixel 5 Smartphone, to independent claims from specific patents—mapping which Mr. Golden wholly failed to do for his claims against Qualcomm. Mr. Golden misreads, and then misapplies, the decision of this Court in that matter. It has no application to this case.

The district court properly dismissed the complaint as frivolous and for failing to state a claim. Mr. Golden's allegations lack an arguable basis in law or fact. This Court should affirm the district court's dismissal of Mr. Golden's claims without leave to amend.

---

[1] The district court dismissed Mr. Golden's complaint again after he failed to object to the Magistrate's recommendation to dismiss the complaint once again. *Golden v. Google, LLC*, No. 6:21-cv-00244-JD-KFM, 2023 WL 3007187 (D.S.C. April 19, 2023).

## JURISDICTIONAL STATEMENT

Frivolity aside, the district court had jurisdiction over Mr. Golden's claims under 28 U.S.C. § 1331, as Mr. Golden purportedly alleged patent claims pursuant to 28 U.S.C. § 1400(b), as well as antitrust claims pursuant to Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1, 2) and Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15, 26). The district court entered its Order Granting Motion to Dismiss on March 15, 2023. SAppx2-7. The district clerk entered Judgment consistent with the district court's Order Granting Motion to Dismiss on March 15, 2023. SAppx1. Mr. Golden filed a Motion for Reconsideration, (SAppx171-185 (Motion), SAppx203-206 (Response), SAppx207-270 (Supplement)), which was denied on April 6, 2023 (SAppx271-272). The district court disposed of all claims. Mr. Golden noticed his appeal April 14, 2023. SAppx273-275. This Court has jurisdiction under 28 U.S.C. § 1295(a)(1).

## STATEMENT OF THE ISSUES

1.    Whether the district court erred by dismissing Mr. Golden's antitrust claim when Mr. Golden failed to allege he is a market participant or sustained any antitrust injury.

2.    Whether the district court erred by dismissing Mr. Golden's patent infringement claim when Mr. Golden failed to identify any Qualcomm product that infringes each element of any of Mr. Golden's patent claims.

4

3.     Whether the district court erred by dismissing Mr. Golden's unjust enrichment claim when California does not recognize unjust enrichment as a separate cause of action.

4.     Whether the district court erred by dismissing Mr. Golden's complaint without leave to amend when Mr. Golden has plead the same implausible allegations against Qualcomm at least three times.

## STATEMENT OF THE CASE

## I.    BACKGROUND

Mr. Golden's frivolous litigation campaign began a decade ago when he sued the United States Government. Since then, he has filed numerous cases in South Carolina and the Northern District of California, alleging overlapping or materially identical claims related to a purported conspiracy in or around 2007 between the Government and a host of technology companies, including Qualcomm, to infringe Mr. Golden's patents. Time and time again, this Court and district courts around the country have found Mr. Golden's claims to be duplicative and frivolous. Unfortunately, that has not stopped Mr. Golden.

Mr. Golden launched his latest litigation campaign in the Northern District of California—where he sued Intel and Apple before Qualcomm. This Court recently affirmed the district courts' dismissals of Mr. Golden's cases against Intel and Apple—and should likewise dismiss Mr. Golden's claims against Qualcomm. *See*

*Golden v. Intel. Corp*., No. 2023-1257, 2023 WL 3262948 (Fed. Cir. May 5, 2023);

*Golden v. Apple Inc*., No. 2023-1161, 2023 WL 3400595 (Fed. Cir. May 12, 2023).

## II.     MR. GOLDEN'S PRIOR PLEADINGS[2]

As this Court recently explained, in 2013, Mr. Golden filed his first complaint pursuant to 28 U.S.C. § 1498(a) in the Court of Federal Claims, alleging the United States Government caused companies, including Qualcomm, to produce infringing smartphone devices. *Golden v. United States*, 156 Fed. Cl. 623, 625-26 (2021). After filing six amended complaints over the course of eight years, the Court of Federal Claims dismissed the case with prejudice for failure to state a claim. *Id*. at 632. While Mr. Golden's case against the Government was pending, he filed a parallel litigation in the District of South Carolina against the technology companies, including Qualcomm. Complaint, *Golden v. Apple Inc.*, No. 6:19-cv-02557-DCC (D.S.C. Oct. 15, 2019), ECF No. 16. The district court dismissed the case because it was "duplicative" of the co-pending case against the Government in the Court of Federal Claims, where the same companies were accused of "infringing on the same patents in the same manner." *Golden v. Apple Inc.*, No. 6:19-cv-02557-DCC, 2020 WL 415896, at *2 (D.S.C. Jan. 27, 2020). This Court affirmed. *Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020).

---

[2] Much of this summary comes from *Golden v. Apple, Inc*., 2023 WL 3400595.

Thereafter, Mr. Golden restyled his patent infringement claims as takings, antitrust, and unjust enrichment claims, and he filed additional cases in the Court of Federal Claims and District of South Carolina. *See, e.g., Golden v. United States*, 955 F.3d 981 (Fed. Cir. 2020) (affirming the dismissal of patent-infringement-based takings claims); *Golden v. Apple Inc*., No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022) (affirming dismissal of antitrust and unjust enrichment claims); *Golden v. Apple Inc*., No. 22-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) (affirming the dismissal of patent infringement and antitrust claims against Apple but remanding the case against Google).

## III.    DISTRICT COURT PROCEEDINGS

### A. Pleadings

Notwithstanding the prior dismissals, on June 6, 2022, Mr. Golden filed a 37-page Complaint for Antitrust Law Violations and Patent Infringement against Qualcomm (the "complaint")—alleging the same facts he's been alleging since 2013. SAppx15-51. Mr. Golden "attached nearly 1,200 pages of documents to the complaint." SAppx4. Specifically, Mr. Golden attached the Findings of Fact and Conclusions of Law from *FTC v. Qualcomm* (N.D. Cal.), which was reversed and vacated by the Ninth Circuit. SAppx4-5 (citing *FTC v. Qualcomm Inc*., 969 F.3d 974, 1001-1002 (9th Cir. 2020)). Mr. Golden also attached more than 650 pages of "Illustrative Claim Chart" related to Samsung products—**not Qualcomm products**.

SAppx6. Despite his voluminous complaint, Mr. Golden failed to state any plausible claim for relief.

Qualcomm moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) at least because Mr. Golden's claims are frivolous and precluded, Mr. Golden lacks antitrust standing, Mr. Golden failed to state any claim, and Mr. Golden's decade-old claims are time barred. SAppx52-79. Mr. Golden responded with an unsubstantiated cross-motion for summary judgment that was nothing more than an unsuccessful regurgitation of his conclusory allegations of an unfounded conspiracy theory. SAppx11.

### B. Dismissal

The district court dismissed Mr. Golden's complaint, finding, "the claims in this case are equally as frivolous as Plaintiff's many allegations against Qualcomm that preceded them." SAppx4. The district court specifically concluded (1) Mr. Golden lacks antitrust standing because he did not allege he is a participant in the same market as Qualcomm or that he suffered injury in that market, (2) Mr. Golden failed to plausibly plead a claim for patent infringement (of any type), and (3) Mr. Golden failed to plausibly plead a claim for unjust enrichment. SAppx2-7.

The district court further concluded that "this is the rare case in which dismissal without leave to amend is warranted on the first round motion to dismiss."

8

SAppx7. As the district court noted, "[Mr. Golden] has repeatedly shown that he is not capable of pleading these sprawling and repetitive claims against Qualcomm in a manner that satisfies the basic requirements of federal pleading, such that granting leave to amend under these unusual circumstances would be futile. In particular, given what has already been pled, including the complaint's very heavy reliance on the district court's reversed findings in *FTC v. Qualcomm*, no amendment of the antitrust claim at the core of the complaint could cure the fundamental problem that [Mr. Golden] does not have antitrust standing." *Id*.

The district court clerk entered Judgment "consistent with the Court's Order Granting Motion to Dismiss" the same day. SAppx1.

Mr. Golden requested reconsideration, raising substantially the same arguments. SAppx171-185. The district court denied his request and instructed the clerk "not to accept any more filings in [the] closed case." SAppx272. Mr. Golden then filed the present appeal.

### C. Mr. Golden's Other Pleadings

The road to dismissal was not without speedbumps. Mr. Golden filed unsubstantiated motion after unsubstantiated motion. For example, Mr. Golden failed to return the purportedly executed summons until one (1) day before Qualcomm's answer was purportedly due (SAppx9), and then moved for default

judgment (SAppx10)—but the evidence showed Qualcomm was actually served July 7, 2022, not June 28, 2022 as Mr. Golden represented. SAppx80-95.

Mr. Golden even utilized the legal process to advance baseless positions—including unfounded allegations of racism and extortion. *See, e.g.*, SAppx112-121(Mr. Golden's Case Management Statement); SAppx122-170 (Mr. Golden's Motion to Strike Qualcomm's Case Management Statement); SAppx171-185(Mr. Golden's Motion for Reconsideration); SAppx207-270 (Mr. Golden's Supplemental Authority in Support of Plaintiff's Motion for Reconsideration). He also heavily relied on the district court's findings in *FTC v. Qualcomm Inc.*, 411 F. Supp. 3d 658 (N.D. Cal. 2019) despite the fact the case was reversed and vacated by the Ninth Circuit in *FTC v. Qualcomm Inc.*, 969 F.3d 974, 1001-1002 (9th Cir. 2020) (finding no antitrust violation based on 'no license, no chips' policy). And Mr. Golden frequently relied on this Court's decision to allow Mr. Golden to re-plead claims against Google—despite the fact that Mr. Golden never provided a claim chart mapping Qualcomm products to the elements of his patent claims.

Each time Mr. Golden submitted an unwarranted filing, the district court and Qualcomm were forced to expend time and resources to respond. This Court has the opportunity to, and should, put Mr. Golden's frivolous claims to rest—for good.

# SUMMARY OF THE ARGUMENT

This Court should affirm the district court's order dismissing Mr. Golden's complaint without leave to amend. Mr. Golden has been making these allegations since 2013. Time and time again, courts, including this one, have dismissed Mr. Golden's claims as frivolous. The Court should do so here for several reasons.

First, Mr. Golden lacks antitrust standing because he failed to allege that he suffered the type of injury antitrust laws were designed to prevent or that he is a participant in the same market as Qualcomm.

Second, Mr. Golden did not plausibly plead his claims, which are overlapping with or materially identical to his prior, unsuccessful claims against Qualcomm. Here again, Mr. Golden has not identified any Qualcomm product that infringes any element of any of Mr. Golden's patent claims. Therefore, Mr. Golden failed to plausibly plead direct infringement. For that reason alone, his indirect infringement claim also fails. But Mr. Golden also failed to plead any facts to show that Qualcomm's products do not have other noninfringing uses or that Qualcomm purposely induced another party to infringe Mr. Golden's patents.

Third, leave to amend would have been futile. Mr. Golden has had a decade to plead non-frivolous claims against Qualcomm. Despite filing several lawsuits and appeals, Mr. Golden has not been able to plead sustainable claims against Qualcomm—not once. This Court should affirm the district court's dismissal and

thereby put an end to Mr. Golden's frivolous pleadings against Qualcomm based on the same facts Mr. Golden has been unsuccessfully alleging for decade.

### ARGUMENT

## I.    STANDARD OF REVIEW[3]

### A. Standing

To have Article III standing, a plaintiff must establish (1) an actual, concrete injury, that is (2) fairly traceable to the defendant's conduct and (3) likely to be redressed by a favorable decision. *Lujan Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). To enforce Section 2 of the Sherman Act, a plaintiff must have antitrust standing, for which the Supreme Court has identified several factors: "(1) the nature of the plaintiff's alleged injury; that is, whether it was the type [of injury] the antitrust laws were intended to forestall; (2) the directness of the injury; (3) the speculative measure of the harm; (4) the risk of duplicative recovery; and (5) the complexity in apportioning damages." *Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal*., 190 F.3d 1051, 1055 (9th Cir. 1999) (citations omitted) (summarizing factors identified in *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 535 (1983)). Moreover, "[p]arties whose injuries, though

---

[3] This Standard of Review comes from *Intel. Corp.*, 2023 WL 3262948 and *Apple Inc.*, 2023 WL 3400595.

12

flowing from that which makes the defendant's conduct unlawful, are experienced in another market do not suffer antitrust injury." *Am. Ad Mgmt.*, 190 F.3d at 1057.

### B. Motion to Dismiss

This Court applies the law of the regional circuit when reviewing a motion to dismiss. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013). The Ninth Circuit reviews a challenge to a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *Id.* Pleadings made by *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Rule 12(b)(6) "require[s] well-pleaded facts, not legal conclusions, that 'plausibly give rise to an entitlement to relief.'" *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Though a plaintiff "need not 'prove its case at the pleading stage' [and] … is not required to plead infringement on an element-by-element basis … a plaintiff cannot assert a plausible claim for infringement … by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp.*

*of Am.*, 4 F.4th 1342, 1352–53 (Fed. Cir. 2021) (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)).

## II.  THE DISTRICT COURT PROPERLY DISMISSED ALL OF MR. GOLDEN'S CLAIMS

The district court properly dismissed Mr. Golden's complaint. At the outset, Mr. Golden lacks standing to bring his decade-old antitrust claim, which has already been denied by the Ninth Circuit. Moreover, Mr. Golden's complaint is deficient and his claims are frivolous.

### A. Mr. Golden Failed to Plausibly Plead an Antitrust Claim

#### 1.  *Mr. Golden Lacks Standing for His 10-Year Old Antitrust Claim*

Mr. Golden's complaint purports to allege a "violation of Section 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 and 2; conspiracy in the restraint of trade and single firm violations)." SAppx17, *e.g.*, ¶ 9. Mr. Golden's Sherman Act conspiracy story relies on the same facts he has been alleging since 2013. In fact, Mr. Golden alleges the purported conspiracy began in 2007—more than 15 years ago—and that he gave Qualcomm notice of his claims in 2010—13 years ago. SAppx22-26, *e.g.*, ¶¶ 29; 45, 48. The statute of limitations for the Sherman Act is four years and Mr. Golden's antitrust claim is therefore time barred. *See* 15 U.S.C. §15(b).  Any claim for patent infringement that extends beyond six years prior to filing—including any infringement claims related to the 2007 Cell-All project at the genesis of this alleged conspiracy—is also time barred.  *See* 35 U.S.C. § 286.

14

In any event, the district court correctly held that Mr. Golden lacked standing to bring his antitrust cause of action because he "fails to allege that he is a participant in the same market as Qualcomm or that he suffered injury in that market, and does not even allege the contours of the claimed market." SAppx5.

Instead, Mr. Golden merely alleges in conclusory fashion that by infringing his patents, Qualcomm has monopolized the U.S. market in chipsets and has engaged in other unlawful action that has prevented him from entering that market. For example, Mr. Golden argues that "Qualcomm's collusion, and conspiracy to hinder trade, has destroyed all possibilities for the Plaintiff to receive any royalty compensation for Plaintiff's patented CDMC (handset) devices and Plaintiff's patented CPUs." SAppx22, ¶ 30. Mr. Golden suggests that "Qualcomm has formed or created its monopoly for chipsets by 'tying' Plaintiffs CPUs to its wireless cellular modems." SAppx27, ¶ 52. Specifically, Mr. Golden says, "Qualcomm's 'hold out' strategy of 'no license, no chip', was used to force the coconspirators OEMs to purchase Plaintiffs patented CPU that Qualcomm 'tied' to its modem. 'Tying' under U.S. law is defined as 'an agreement by a party to sell one product but only on the condition that the buyer also purchases a different (or tied) product.'" SAppx28, ¶ 54.

Mr. Golden's allegations have been expressly rejected by the Ninth Circuit, which held, "Qualcomm's patent-licensing royalties and 'no license, no chips'

policy do not impose an anticompetitive surcharge on rivals' modem chip sales"—a fact Mr. Golden ignores. *FTC*, 969 F.3d at 1005. Moreover, Mr. Golden has failed to plead the necessary facts to establish antitrust standing.

### 2. Mr. Golden Failed to Plead His Participation in the Market

Mr. Golden's complaint lacks any allegation that he was a participant in the same market as Qualcomm, or that Mr. Golden suffered injury in the market in which Qualcomm operates. To the contrary, Mr. Golden alleges, without support, "Qualcomm's anticompetitive practices has restrained Plaintiff from entering the market to collect royalties on his patented inventions." SAppx36, ¶ 83. In fact, Mr. Golden has confirmed he is not a market participant by arguing on appeal that "Qualcomm's anticompetitive practices restrained Plaintiff from entering the market to collect royalties" (Informal Br. at 6).

Moreover, as the district court correctly pointed out, "[t]o the extent the claim is that he is 'restrained' from 'entering the market to collect royalties on his patented inventions,'..., that is fatally implausible: he is free to license his patents to whoever wants to license them, but this theory does not state a viable antitrust claim." SAppx5.

Thus, Mr. Golden has not alleged—and cannot allege—that he participates in the same market as Qualcomm.

### 3.  *Mr. Golden Failed to Plead He Suffered Injury in the Market*

Even if Mr. Golden was a market participant (he is not), Mr. Golden's complaint did not allege a concrete injury, nor did it explain how such an injury is attributable to Qualcomm or how it would be redressable if the matter proceeded in the district court. Indeed, given Mr. Golden's prior filings in other cases, it is clear that he is unable to state a facially plausible claim. *See Iqbal*, 556 U.S. at 678.

Additionally, while Mr. Golden's complaint alleges damages that total tens of billions of dollars, the complaint lacks any explanation of how such damages are based on anything more than mere speculation or whether they would be easy or complex to apportion amongst the various participants to the alleged conspiracy. Mr. Golden repeatedly notes that he "believes" there to be a conspiracy, but offers no allegations about the scope of the conspiracy or how it impacts him. SAppx27, *e.g.*, ¶¶ 52, 55, SAppx34, ¶ 75. Similarly, while Mr. Golden alleges that "Qualcomm has excluded competitors and harmed competition through interrelated policies or practices," he fails to allege that he has been harmed by them or explain to what extent. SAppx16, ¶ 4. Mr. Golden's unsubstantiated speculation is not enough to establish constitutional antitrust standing at the pleading stage. *See Lujan*, 504 U.S. at 560-61.

Mr. Golden now argues "the trial court's interpretation of plaintiff's 'Antitrust Injury' claim is flawed." Informal Br. at 5-6. In support of his arguments, Mr. Golden

again relies on the district court's reversed and vacated "findings in *FTC. v. Qualcomm*, 411 F. Supp. 3d 658 (N.D. Cal. 2019) as ***evidence*** Qualcomm was unjustly enriching itself by collecting royalties of 5% on each handset (i.e., new, improved upon, or useful cell phone) sold." *Id.* (emphasis in original). This vacated "evidence" does not solve Mr. Golden's standing problem, which is fatal to his claim. Ultimately, Mr. Golden's allegations of antitrust violations and injury are— like in his previous complaints—simply too vague, conclusory, and frivolous to give him standing to bring his antitrust claims. The district court correctly concluded that Mr. Golden's antitrust claims must be dismissed since he failed to establish "antitrust standing." This Court should affirm the dismissal of Mr. Golden's antitrust claims on this basis alone.

Mr. Golden also now argues that he "is entitled to collect damages from Qualcomm; based on lost profits Plaintiff suffered as a result of the antitrust injury." Informal Br. at 6. Lost profits are a form of patent damages. To the extent Mr. Golden's injury is patent infringement, as discussed below, Mr. Golden's claims should also be dismissed because they are frivolous and not plausible.

**B. Mr. Golden Failed to Plausibly Plead Patent Infringement**

As other courts have observed, "[b]ecause Golden neither breaks his allegations down into counts, nor provides a numbering system, it is challenging to say exactly how many counts are at issue." *Golden v. Intel*, 2022 WL 17735388 at

18

*3, n.1. The best Qualcomm—and the district court—can tell, Mr. Golden alleges patent infringement, unjust enrichment, and antitrust violations. However, Mr. Golden did not plausibly plead any of those claims.

### 1.  Mr. Golden Failed to Plausibly Plead Direct Infringement

Mr. Golden alleges Qualcomm directly infringes his patents[4], but, as the district court correctly held, his direct infringement claim fails to meet the pleading standard. "Allegations of direct infringement are subject to the pleading standards established by" *Twombly* and *Iqbal*. *Golden v. Apple Inc*., 819 F. App'x at 930-931. In applying the standard in *Twombly* and *Iqbal*, courts should first identify any conclusory allegations not entitled to the presumption of truth, and then examine whether the remaining allegations are sufficient to render the claim "plausible." *See Iqbal*, 556 U.S. at 679-681. Here, nearly all of Mr. Golden's allegations are the same type of "unadorned, the-defendant-unlawfully-harmed-me" accusations rejected as

---

[4] Mr. Golden refers to divided infringement in his Relief (SAppx49-50), but Mr. Golden did not articulate a claim for divided infringement, and wholly fails to allege that Qualcomm controls or directs others, or that Qualcomm and other entities have formed a joint enterprise to infringe the patents beyond conclusory allegations. Now, in his Form 12, Mr. Golden cries "joint infringement"—a previously unpled theory (which alone is dispositive of its consideration on appeal). In any event, joint infringement, a theory in which multiple actors jointly infringe, requires a showing that one of the actors directs or controls the others' performance, or that the actors form a joint enterprise. *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 376 (Fed. Cir. 2017). Mr. Golden does not allege that Qualcomm or another party exerts the requisite direction or control, or that they form a joint enterprise. And Mr. Golden's vague efforts to allege joint infringement in his informal opening brief are unsupported by any facts that could satisfy these elements.

insufficient in *Iqbal*. *Id*. at 678. Significantly, as in his prior cases, Mr. Golden "fail[s] to include factual allegations beyond the identities of the defendant[], reference to the alleged infringing devices, and the alleged infringed-upon patents." *Golden v. Apple*, No. 20-cv-04353-JD-KFM, 2021 WL 5074739 at *2, a*ff'd as to this holding*, No. 22-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022).

Instead, Mr. Golden depends entirely on conclusory allegations and formulaic recitations of his claims. SAppx39, ¶ 87. As has long been made clear by courts following the standards laid out in *Twombly* and *Iqbal*, the reliance on such conclusory facts and formulaic recitations fall far short of establishing a cause of action, much less one for patent infringement.

In his complaint, Mr. Golden alleges that Qualcomm is using, without authorization, Mr. Golden's patented CPU(s) and patented new and improved cell phone(s). SAppx17, ¶ 7. Mr. Golden attached to his complaint 1,200 pages of exhibits, including his "'497, '752, '189, '439, '287, '619, '891 patents." SAppx20, ¶ 20. And, Mr. Golden lists two "illustrative claims" in the body of his complaint, which seemingly relate to systems for locking, unlocking, or disabling a lock upon the detection of chemical, radiological, or biological hazards—not simply CPUs and cell phones broadly as he would have this Court believe. SAppx39, ¶ 87. However, Mr. Golden never articulated his theory of Qualcomm's infringement. Mr. Golden never identified in his complaint what specific product made by Qualcomm

supposedly infringes, or how it infringes. Mr. Golden did not even identify any specific patent claim element that Qualcomm allegedly infringes. Mr. Golden did not include a chart in his complaint showing Qualcomm's infringement. In fact, Mr. Golden only included in his complaint a chart regarding a General Motors product— **not a Qualcomm product** (SAppx44-45, ¶ 107), and attached to his complaint a multi-hundred page chart regarding Samsung products—**not Qualcomm products**. SAppx6. The same Samsung charts were determined to be deficient by the Court of Federal Claims—a case dismissed with prejudice. *Golden v. United States*, 156 Fed. Cl. 623, 628-32 (C. Cl. Nov. 10, 2021) (explaining why Plaintiff's infringement position was deficient) *aff'd* No. 2022-1196, 2022 WL 4103287 (Fed. Cir. 2022), *reh'g denied* (Fed. Cir. 2022).  And, Mr. Golden's suit against Samsung was recently dismissed in part because his patent infringement claims against Samsung were barred by issue preclusion and the *Kessler* doctrine due to his prior dismissed suit against the Government. *Golden v. Samsung*, No. 3:23-cv-00048-WHO, 2023 WL 3919466, at *2-3 (N.D. Cal. June 8, 2023) (dismissing with prejudice).

In the absence of any assertion that Qualcomm performs an infringing act, Mr. Golden has failed to state a direct infringement claim. At best, the complaint alleges Qualcomm products can be combined with other products to infringe Mr. Golden's claims. However, this Court has squarely rejected the notion of infringement premised upon a finding that an accused product is "merely capable of

being modified in a manner that infringes the claims of a patent." *Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1380 (Fed. Cir. 2011) (citation omitted).

Mr. Golden argues this Court, in the second Apple case (No. 22-1267), ruled that "Qualcomm's joint infringement was not 'facially frivolous.'" Informal Br. at 1. Not so. There, this Court allowed Mr. Golden's case to proceed against Google because he attempted to chart Google products to actual claim limitations. *Golden v. Apple Inc.*, 2022 U.S. App. LEXIS 25174 at *5-6. Mr. Golden also argues "the claim charts in this case that 'mirrors' the claim charts in *Golden v. Google* help confirm that each and every limitation of the claims are present in the accused products." Informal Br. at 2. Again, not so. The only charts included in the complaint and exhibits thereto are charts related to GM's Advanced Driver Assistance System (which merely recites claim elements and copies the same conclusory statement about GM's ADAS for each element) and Samsung's Galaxy cell phones. As this Court noted in the *Intel* case, which applies equally here, "[t]he complaint here is unlike the complaint in the second *Apple* case (No. 22-1267), which 'include[d] a detailed claim chart mapping features of an accused product … to independent claims from [the asserted patents].'" *Intel* (citing *Apple*, 2022 WL 4103285, at *5). Additionally, Mr. Golden reliance's on the second Apple case (No. 22-1267) as a benchmark for a successful claim chart is misplaced since the Court clearly stated that "[w]e express no opinion as to the adequacy of ... the claim chart." *Apple,* 2022

WL 4103285, at *6.

In an attempt to revive his complaint, Mr. Golden has in his opposition and reply brief in the district court, and again in his informal appellate brief, added factual allegations (new or modified charts and additional vague allegations) that he did not include in his complaint. These new factual allegations should be disregarded because these facts were not properly before the district court under Federal Rule of Civil Procedure 12(b)(6). *See PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1315 (Fed. Cir. 2021) (reciting Ninth Circuit standard for review of a motion to dismiss: "whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" (citation omitted) (emphasis added)), *cert. denied*, 142 S. Ct. 1445 (2022). Nonetheless, even if the Court considers these facts, they do not state a plausible infringement claim.

Indeed, even now, Mr. Golden wholly fails to identify his theory of Qualcomm's infringement. Yet again, in his Informal Brief, Mr. Golden lists a handful of patent claims, but wholly fails to identify how Qualcomm infringes any limitation thereof. *See* Informal Br. at 14-15. Mr. Golden also includes new, post-pleading "charts" comparing various smartphones to one another—but not to specific language of Mr. Golden's patent claims. *See* Informal Br. at 19-27. Indeed, the new, post-pleading charts do not list any patent or claim number. Mr. Golden seemingly argues "the Google, Samsung, LG and Asus/Qualcomm smartphones

have Qualcomm Snapdragon chipsets, ..., have Qualcomm Snapdragon Modems, ...," but Mr. Golden still wholly fails to articulate how Qualcomm Snapdragon chipsets or Qualcomm Snapdragon Modems infringe any element of any claim of any of his patents. Nor has Mr. Golden remedied his failure to allege facts that Qualcomm itself performs any infringing act. Mr. Golden's equally conclusory appeal arguments fare no better than his deficient pleadings for patent infringement.

The district court correctly concluded that Mr. Golden failed to adequately state a claim for direct infringement.

### 2. Mr. Golden Failed to Plausibly Plead Indirect Infringement

Mr. Golden's indirect infringement claim fails at least because Mr. Golden failed to plausibly plead the existence of direct infringement. *See Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518 (1972).

In any event, in his complaint, Mr. Golden alleges, "Qualcomm willfully contributed to the infringement of plaintiff's CPUs; CMDC Devices; Stall, Stop, & Vehicle Slowdown Systems." SAppx40. However, Mr. Golden does not identify any facts to support the elements of contributory infringement. *See Golden v. Intel*, 2022 WL 17735388 at *2 (elements of contributory infringement: (1) selling a device capable of infringing the patent, which is not suitable for substantial noninfringing use; (2) with knowledge that the infringing device was especially adapted for use in an infringement of such patent; and (3) actual infringement by another). As the

24

district court noted, for example, Mr. Golden "fails to plead facts plausibly supporting a claim that the Snapdragon chipsets or Snapdragon ride platform do not have other noninfringing uses." SAppx6. Instead, Mr. Golden simply alleges, "ASUS and Qualcomm have teamed up to make a smartphone" that includes Qualcomm's Snapdragon chipset and that GM has integrated with the Snapdragon Ride Platform—without ever specifying how any Qualcomm Snapdragon product infringes any element of any of Mr. Golden's patent claims. SAppx40-42, ¶¶ 89, 99. Mr. Golden did not plausibly plead a claim for contributory infringement.

Further, Mr. Golden also did not plead a plausible claim for induced infringement because he wholly failed to plead facts plausibly showing that Qualcomm intended another party to infringe any of Mr. Golden's patent claims, or that Qualcomm knew another party's acts constituted infringement of Mr. Golden's patent claims. *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017).

The conclusory allegations in this case are insufficient to identify what products infringe and how those products infringe Mr. Golden's patents and, accordingly, fail to "place [Qualcomm] on notice of what activity … is being accused of infringement." *Bot M8 LLC*, 4 F.4th at 1352 (internal quotation marks and citations omitted). And Mr. Golden's new, post-pleading appeal allegations come too little, too late and are still too conclusory to save his failed pleadings.

This Court should affirm the district court's dismissal of Mr. Golden's infringement claims.

### C. Mr. Golden Failed to Plausibly Plead Unjust Enrichment

As this Court recently recognized, "unjust enrichment is not recognized under California law as a separate cause of action." *See Intel* at *3 (citing *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004)). Because Mr. Golden has not stated a claim for either direct or indirect patent infringement, he cannot state a claim for unjust enrichment.

This Court should affirm the district court's dismissal of Mr. Golden's unjust enrichment claim.

### III.   THE DISTRICT COURT PROPERLY CONLCUDED AMENDMENTS WOULD BE FUTILE

As history has made clear, and the district court properly recognized, there is nothing Mr. Golden can add to his baseless, decade-old claims that will transform them into meritorious ones.

Under Ninth Circuit law, dismissal with prejudice is only appropriate when, as here, "it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003). "'Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his

complaint.'" *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1352 (Fed. Cir. 2011) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)); *see also Cal. Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (In determining whether to grant leave to amend, the Court considers "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to [the] opposing party by virtue of allowance of the amendment, [and] futility of the amendment[.]").

The district court's dismissal without leave to amend was correct. As the district court acknowledged, "leave to amend is only warranted 'if the deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint.'" SAppx7 (citing *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 955 (9th Cir. 2011). Indeed, the district court even noted that if this was Mr. Golden's first attempt at bringing infringement claims, then it may have been logical to grant leave to amend in this matter. It was not. Here, it is undisputed that, for a decade, Mr. Golden has repeatedly attempted to allege the same frivolous claims that he has made in this case—including pleading infringement by Qualcomm at least three times. Yet, as this Court noted in *Apple*, "[a]fter ten years of asserting these claims in

27

multiple jurisdictions, Mr. Golden has yet to cure the deficiencies in his allegations." *Golden v. Apple Inc*., No. 2023-1161, 2023 WL 3400595, at *2 (Fed. Cir. May 12, 2023). Indeed, not once has Mr. Golden met the pleading standards for his claims against Qualcomm.

Moreover, Mr. Golden has not explained in his briefing why it would not be futile for him to amend his complaint. Mr. Golden's complaint appears to suggest he believes he has broad patent claims covering general Central Processing Units (CPUs) and cell phones, *see, e.g*., SAppx20, ¶ 20. However, Mr. Golden's claims are not for CPUs or cell phones broadly, but rather for ones that can perform specific functions, such as a chemical sensor, a biological sensor, or an explosive sensor. SAppx37, ¶ 87. Mr. Golden has not argued how he could amend his complaint to identify specific Qualcomm products that infringe his patent claims. In fact, on appeal, he has only added charts comparing various cell phones to each other—not to any specific language of any specific claim of Mr. Golden's patents.

Indeed, there are no facts Golden can allege to support his claims, nor any facts that he can allege to establish standing to bring his antitrust claims. Because of this, allowing leave to amend is futile. The district court's decision to dismiss the complaint without leave to amend was proper and should be affirmed by this Court. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160-1061 (9th Cir. 1989).

The district court did not abuse its discretion in dismissing Mr. Golden's

complaint with prejudice.

## CONCLUSION AND STATEMENT OF RELIEF SOUGHT

This Court should affirm the Order and Judgment of the district court dismissing Mr. Golden's complaint without leave to amend.

Respectfully submitted,

*/s/John Allen Yates*
John Allen Yates
Kyrie Cameron
PATTERSON + SHERIDAN LLP
24 Greenway Plaza, Suite 1600
Houston, TX 77046
Tel: 713-623-4844
jyates@pattersonsheridan.com
kcameron@pattersonsheridan.com

Counsel for Defendant-Appellee
Qualcomm Incorporated

**FORM 30. Certificate of Service**

Form
30
July 2020

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 2023-1818

**Short Case Caption** Golden v. Qualcomm Incorporated

---

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

---

I certify that I served a copy of the foregoing filing on Larry Golden

by ☐     U.S. Mail ☐     Hand Delivery     ☑ Email ☐
☐                                          Facsimile Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Larry Golden | atpg-tech@charter.net |
|  |  |
|  |  |
|  |  |
|  |  |

☐     Additional pages attached.     Signature: /s/ John A. Yates

Date: June 16, 2023                 Name: John A. Yates

## **CERTIFICATE OF COMPLIANCE**

The brief complies with the type-volume limitation of Federal Circuit Rule 32(a). This brief contains 6,702 words, excluding the parts of the brief exempted under Federal Rules of Appellate Procedure 32(f) and Federal Circuit Rule 32(b).

The brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Date:  June 16, 2023                    */s/John Allen Yates*
                                          John Allen Yates